No. 37,459

GILBERT R. ENDICOTT and JEANNETTE ENDICOTT, *Appellees*, v.
PLAINS EXPLORATION COMPANY, NEBRASKA-WYOMING OIL
COMPANY and WILLIAM E. PORTER, *Appellants*.

(203 P. 2d 199)

Opinion filed March 5, 1949.

*R. C. Russell, Isabel Obee,* both of Great Bend, and *James D. Conway,* of Hastings, Neb., were on the briefs for the appellants.

*Roy C. Davis, Frank S. Hodge, Eugene A. White, Robert Y. Jones,* all of Hutchinson, and *Paul R. Wunsch,* of Kingman, were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action to cancel an oil and gas lease upon real estate and for damages. The trial court overruled the demurrer of one of the defendants to the petition and gave him fifteen days in which to plead. He stood on his demurrer and has appealed.

At the outset the petition named the Phillips Petroleum Company along with two other corporations defendants. The defendants asked that the action be removed to the federal court. When it was so removed the federal court held the petition stated a separate cause of action against the Phillips Petroleum Company but upon application of the plaintiffs held that so far as it referred to the Plains Exploration Company and the Nebraska-Wyoming Oil Company it should be remanded for trial to the district court of Kingman county. When it again reached the district court of Kingman county the plaintiffs filed an amended petition. In this petition for the first time they named William E. Porter as a party defendant along with the Plains Exploration Company, a corporation, and the Nebraska-Wyoming Oil Company, a corporation. This amended petition stated that the two corporate defendants were foreign corporations but authorized to do business in the state of Kansas

and had filed a statutory consent to sue and be sued and named a resident agent therefor in the state of Kansas. The petition stated that the plaintiffs were each the owners of an undivided one-half interest in a described eighty acres of land and at the time they purchased it there was on record against it an oil and gas lease dated March 22, 1944, and at that time the working interest was in the name of the Phillips Petroleum Company and the plaintiffs had advised the Phillips Petroleum Company of their purchase of the land. The petition then alleged that on January 21, 1947, the Phillips Petroleum Company assigned to defendant, the Plains Exploration Company, its entire lease interest in the land and on January 22, 1947, the Plains Exploration Company had assigned to the Nebraska-Wyoming Oil Company a 15/16th interest in the lease and that on February 24, 1947, the Plains Exploration Company had assigned to William E. Porter a 1/32nd interest in the same lease. The petition then alleged the lease provided amongst other things that if no oil or gas well be commenced on the land on or before March 22, 1947, the lease should terminate unless the lessee on or before that date would pay a named bank a dollar an acre, but that none of the defendants had paid or tendered that amount; that thereafter and on May 19, 1947, plaintiffs had served upon the Plains Exploration Company at his office at Denver, Colorado, and on May 22, 1947, upon defendant, Nebraska-Wyoming Oil Company, and upon the registered agents of both of them by registered mail, in accordance with the provisions of G. S. 1935, 55-202 to G. S. 1935, 55-206, a demand in writing, as follows:

"We, Gilbert R. Endicott and Jeannette Endicott, husband and wife, the undersigned owners of the following described land situated in Kingman County, Kansas, to wit:

"The Northwest Quarter and the North Half of the Southwest Quarter of Section 21, Township 28 South, Range 9 West of the 6th P. M., upon which (and including other land not involved herein) an oil and gas lease dated March 22nd, 1944, was given to O. R. Reed, do hereby notify you and each of you as the holder or holders of said Lease or interests therein, that the said Lease insofar as it covers the real estate above described, has become terminated, forfeited and void by reason of the non-payment of rental in lieu of drilling, on or before March 22nd, 1947, as provided by the terms of said lease and the refusal to pay such rentals as so provided and failure of the holder or holders of such lease to exercise the option provided by the terms of such lease to renew or extend the terms thereof, for any period subsequent to March 22, 1947, and/or to commence a Well on the above described land or on the additional land included in said lease on or before March 22, 1947;

and the undersigned do hereby elect to declare and do declare the said lease insofar as the same covers the above described land, terminated, forfeited and void, and do hereby demand that you and each of you execute or have executed a proper surrender, release or quitclaim of said lease, and that you put the same of record in the office of the Register of Deeds of said County.

"You are further notified that unless you comply with this demand within twenty (20) days, suit will be brought for the declaration and enforcement of such termination and forfeiture and the removal of the cloud or clouds on the title to said real estate and the oil, gas and minerals therein and thereunder, and for damages in the amount of the current fair market value of said oil and gas lease rights and interests included in and comprehended by the terms of said Lease, and such additional damage as the evidence will warrant, together with a reasonable attorney's fee for preparing and prosecuting such suit or suits."

The petition stated that similar demand was not served upon William E. Porter because it could not by ordinary diligence be served upon him because he was a nonresident of the state; that no oil or gas well had been commenced on the real estate in question; that a fair market value of these leasehold rights was $40,000; that by reason of the failure of defendants to commence a well plaintiffs had been prevented from selling their interests and would continue to be so prevented. The prayer was for a declaration of the termination of the lease, for the removal of the clouds on the title of plaintiffs to their land, and for damages from the defendants jointly and severally in the sum of $40,000.

The defendants filed a motion that the court require the plaintiffs to make their petition more definite and certain by setting out in what manner they obtained their fee title interest in the property and whether the transfer of the title from the Phillips Petroleum Company to the other named corporate defendants was called to the attention of the Phillips Petroleum Company. These motions were overruled, whereupon the defendant William E. Porter demurred to the petition on the ground it did not state a cause of action in favor of the plaintiffs and against him. This demurrer was overruled and he has appealed. He is the sole appellant.

It will be noted that plaintiffs state they brought this action pursuant to the provisions of G. S. 1935, 55-201 to 55-206. These sections were intended to enable an action for the cancellation of a lease and for damages to be joined. The demand pleaded is a notice provided for in section 55-206. It will be noted that section provides for the giving of a demand at least twenty days before the

action is commenced (if such demand by ordinary diligence can be made in this state).

Porter points out this section and argues the petition alleges that no such demand was made upon him—hence the petition does not state a cause of action against him because before the action can be brought that demand must be made. The demand must be made if it can be made by ordinary diligence within the state. The petition alleges clearly that it was not served upon Porter because he was a nonresident. He argues that his residence was known and he could have been notified by registered mail at his Denver residence. However, the petition did not state that his residence was known and even if it had the section provides the demand must be made if it can be made within the state. The plaintiffs were under no duty to give him a notice in Denver. They made the demand upon the representative agents of the corporate defendants and also upon the corporations themselves presumably because the office address of the corporation was well known. However, that was not the case with Porter, an individual. Porter also argues that since the action is for $40,000 damages it is unreasonable to think that he should be liable for that large an amount since he is only alleged to own a 1/32nd interest in the land. No judgment was rendered against him. His demurrer was overruled and he was given fifteen days to answer. This court cannot say now how much damage he should pay. That is a matter to be tried along with other issues. They have not been tried out yet. He also argues that his motion to require plaintiffs to make their petition more definite and certain should have been sustained. In this motion Porter sought to require the plaintiffs to set out a copy of the assignment to him of his 1/32nd interest by the corporate defendants. A copy of the lease of the corporate defendants was set out and the allegation was that the 1/32nd interest in this land was assigned to Porter. The order overruling his motion to make definite and certain is not an appealable order. Neither is it such an order as entitles him to a strict construction of the petition and even if the petition was given a strict construction it still states a prima facie cause of action against him.

The judgment of the trial court is affirmed.

ARN, J., not participating.